THORNAL, Chief Justice.
By an application for a writ of habeas corpus the petitioner Jones seeks release from the Florida State -Hospital.
We must decide whether the custody of the petitioner is subject to the restrictions prescribed by Section 917.01(2), Florida Statutes, F.S.A.
On January 2, 1963, Jones was indicted for the crime of first degree murder. Pursuant to the recommendation of a committee of doctors, appointed under Chapter 917, Florida Statutes, F.S.A., the Circuit Judge found that the petitioner was insane. He committed Jones to the Florida State Hospital at Chattahoochee, Florida. The order provided that he was “to be held until further order of this court.” Section 917.01 (2), Florida Statutes, F.S.A., provides that no defendant committed to an institution under that section “shall be released therefrom, without the consent of the court committing him.” The petitioner remains in the custody of the respondent pursuant to the above mentioned order.
On March IS, 1965, the state attorney filed a nolle prosequi in the original murder proceeding. He recited the examination by the committee of doctors and the findings to the effect that, when the offense was committed the petitioner was criminally insane. In view of these findings he concluded that “prosecution is not justified”. Despite the foregoing, the circuit judge has declined to authorize either the temporary or permanent release of the petitioner when in the judgment of the staff *168 of the Florida State Hospital he would otherwise be entitled thereto. We issued the writ and a response has been filed. The response reports "that the petitioner is still insane but his mental condition has become stabilized * * It is indicated that a release to the custody of petitioner’s father on a trial basis appears justifiable. However, the respondent is confronted by the restrictive provision of the commitment order which precludes release, except with permission of the committing court. Such permission the court declines to give, despite the nolle prosequi and regardless of the medical judgment of the respondent and the hospital staff.
By his memorandum in support of his response, the respondent concedes that the entry of the nolle prosequi terminated circuit court jurisdiction over the petitioner. It also effectively eliminated the necessity of obtaining that court’s approval as a condition of release. Trippodo v. Rogers, Fla., 54 So.2d 64, 65. The respondent takes the position that the release of the petitioner, either temporarily or permanently, should be governed by the judgment of the medical staff of the hospital after the fashion prescribed by Chapter 394, Florida Statutes, F.S.A. Such release, he claims, should not be restricted by the necessity of obtaining an authorizing order from the committing circuit judge.
Trippodo v. Rogers, supra, is directly controlling. It eliminates the necessity of a circuit court order as a condition precedent to the petitioner’s release from custody when in the medical judgment of the respondent and the hospital staff, such release is found justifiable. We therefore hold:
1. The petitioner is lawfully held by the respondent at the Florida State Hospital, Chattahoochee, Florida.
2. The provision of the circuit court’s commitment order and the provision of Section 917.01(2), requiring the approval of the circuit court as a condition precedent to the release of the petitioner is no longer of any force and effect.
3.The petitioner is remanded to the custody of the respondent who is authorized to retain such custody, subject to the ultimate judgment and decision of the medical staff of the Florida State Hospital.
It is so ordered.
ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.