603 So.2d 654 (1992)
Jose CUERVO, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-486.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Bennett H. Brummer, Public Defender, and Merrill & Pollack, Gary W. Pollack, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
This appeal challenges the court's jurisdiction to revisit and amend its order committing a criminal defendant to the Department of Health and Rehabilitative Services after five years of hospitalization as incompetent to stand trial for murder.
Where the circuit court commits a criminal defendant to involuntary hospitalization pursuant to section 916.13, Florida Statutes (1991), as incompetent to stand trial, it retains jurisdiction over the defendant for the purpose of continued hospitalization or release. A later decision by the court to transfer the defendant to the Department of Health and Rehabilitative Services after five years of hospitalization, pursuant to the Baker Act, section 394.467, Florida Statutes (1991), does not divest the court of jurisdiction over the person and it may amend the commitment order to require that the administrator of the H.R.S. facility comply with Florida Rule of Criminal Procedure 3.213(b), which mandates that the State Attorney of the committing circuit be notified no less than thirty days prior to the anticipated date of release of the defendant.
Affirmed.