712 So.2d 1179 (1998)
Juan AMADOR, Petitioner,
v.
The STATE of Florida, Respondent.
No. 98-952.
District Court of Appeal of Florida, Third District.
June 17, 1998.
*1180 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for petitioner.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for respondent.
Before JORGENSON, COPE and GREEN, JJ.
PER CURIAM.
Juan Amador petitions this court for a writ of habeas corpus. We grant the petition; quash in part the trial court's orders of March 20 and March 24, 1998; and quash the outstanding capias.
In 1984, defendant was charged with multiple crimes, including the murder of his mother. He was found incompetent to stand trial; committed to the Department of Health and Rehabilitative Services (HRS); admitted to the North Florida Evaluation and Treatment Center; and transferred to the South Florida Evaluation and Treatment Center in 1988. He was recommitted in 1990. In 1991, upon defendant's motion, the trial court entered a written order dismissing the charges without prejudice and finding that there was no substantial probability that he would regain mental competency in the foreseeable future. However, the court found that defendant was mentally ill and committed him to HRS; the court retained jurisdiction and ordered that defendant not be released without court approval. He was again recommitted in 1992.
In 1993, the trial court continued defendant's involuntary hospitalization pursuant to section 916.13, Florida Statutes (1993). Defendant was transferred to the civil treatment facility at Chattahoochee, Florida because of a shortage of hospital space. On May 6, 1997, following a regularly scheduled six-month hospital review proceeding, a hearing examiner determined that defendant no longer met the criteria for involuntary hospitalization.[1] Pursuant to Florida Rule of Criminal Procedure 3.213(b), the hospital notified the State that defendant would be "removed" from the hospital on June 9, 1997.
On June 2, 1997, the State filed a Motion for a Competency Hearing and/or to Continue its Commitment or to Recommit the Defendant to the Department of Children and Family Services (formerly HRS). The trial court entered an order recommitting defendant. In the Second Judicial Circuit, the Office of the Public Defender filed a Petition for Writ of Habeas Corpus, alleging that the recommitment order was invalid because defendant had not knowingly or intelligently waived his right to be present at the recommitment hearing. The court in the second circuit granted the habeas petition, but ordered the release in thirty days to give the trial court in Dade County time to act.
On December 17, 1997, the State issued an arrest warrant for the charges stemming from 1984 in Dade County. Defendant was transported to the Dade County Jail and requested an expedited competency hearing. *1181 The State also requested a competency hearing, and refrained from filing formal charges until the outcome of the competency evaluation and hearing. Three doctors were appointed to evaluate defendant; two found him incompetent to proceed; one found him competent. At the hearing held on February 27, 1998, the State and defendant, through his public defender, stipulated that defendant was incompetent to proceed. The trial court found defendant incompetent to proceed. Testimony was then presented that defendant suffers from schizophrenia, a chronic mental illness that manifested itself in delusional thoughts including a belief that he had not in fact murdered his mother, as he had used only rubber bullets.
On March 4, 1998, this court issued its opinion in State v. Heidrick, 707 So.2d 1165 (Fla. 3d DCA 1998) (en banc), holding that once a defendant's charges have been dismissed without prejudice in light of a determination that the defendantwho has been involuntarily hospitalizedis not competent to stand trial, the committing court lacks jurisdiction to determine whether the defendant continues to meet the criteria for involuntary hospitalization. See id. at 1167. However, this court noted that "this decision in no way prohibits the State or any other interested party from once again initiating an action to involuntarily hospitalize the defendants pursuant to the Baker Act, Chapter 394, Florida Statutes (1995)." Id. at 1169.
Two days after this court's decision, the State refiled, by information, the charges against defendant, notwithstanding the earlier stipulation that defendant was incompetent. Defendant moved to dismiss on the basis that the trial court, under Heidrick, lacked jurisdiction to continue involuntary hospitalization. At the hearing on March 20, 1998, the trial court noted that it was "quite speculative" that defendant would be restored to competency, but found that defendant met the criteria to undergo an involuntary examination; ordered him to a receiving facility; lodged a capias against defendant; and directed that if the receiving facility determined that he did not meet the criteria for involuntary placement, "he shall be returned to the Dade County Jail."
Because the State had refiled the charges against defendant on March 6, the receiving facility declined to accept defendant even for the purposes of an involuntary examination. On March 24, the State nolle prossed the charges. The trial court dismissed the charges and revisited its order of March 20. The court republished that earlier order, and left standing the capias. In the interim, defendant has admitted himself voluntarily to a treatment facility and remains subject to the capias.
We grant the petition; quash in part the orders of March 20 and March 24; and quash the capias. We are aware of the trial court's quandary in a situation such as this, where the defendant is no longer under criminal constraint but continues to appear to present a danger to himself or others. Under Heidrick, once the charges against the defendant have been dismissed, the committing court lacks jurisdiction to order the continued involuntary hospitalization of the defendant. However, consistent with our holding in Heidrick and pursuant to section 394.463(2)(a)1, Florida Statutes (1997), the trial court has the authority to order an involuntary examination of the defendant under the Baker Act.
An involuntary examination may be initiated by any one of the following means:
1. A court may enter an ex parte order stating that a person appears to meet the criteria for involuntary examination, giving the findings on which that conclusion is based.
§ 394.463(2)(a)1, Fla. Stat. (1997).
On remand, we direct the trial court to implement forthwith that portion of its order that defendant undergo an involuntary examination pursuant to section 394.463(2)(a)1.
Habeas granted; capias quashed.
NOTES
[1] No explanation is offered for this astonishing result. The hospital's position was that defendant continued to meet the criteria for involuntary hospitalization. The hearing examiner's order was not appealed.