CONFESSION OF ERROR

PER CURIAM.
Andres Garcia-Marrero (“appellant”) appeals a trial court order of commitment or re-commitment and retention of jurisdiction.- We reverse.
Appellant was found incompetent to stand trial for murder in March of 1984 and-was committed to the Department of Health and Rehabilitative Services for placement in a secure forensic facility. Five years later, because appellant was still incompetent with no foreseeable return to competency, the charges against him were dismissed pursuant to Rule 8.213, Florida Rules of Criminal Procedure. Since the charges against him were dismissed, appellant has been re-committed three times for placement in a secure forensic facility (in 1989, 2000 and 2002).
As the State correctly concedes, once charges are dismissed based on continued incompetency, a trial court loses jurisdiction over the matter. See Amador v. State, 712 So.2d 1179 (Fla. 3d DCA 1998); State v. Heidrick, 707 So.2d 1165 (Fla. 3d DCA 1998); Quiala v. State, 659 So.2d 287 (Fla. 3d DCA 1994). Thereafter, the proper procedure for any attempts to commit would be to commence civil commitment proceedings.
Accordingly, because it exceeded its jurisdiction, we reverse the trial court’s order.
Reversed.