PER CURIAM.
The Department of Children and Families (Department) petitions this court for a writ of certiorari, alleging that the trial court departed from the essential requirements of the law in ordering the Department to prepare a transfer evaluation for Rafael Reyes. We deny the petition.
Rafael Reyes was charged with battery and sexual battery in September of 1993. On December 17, 1993, Reyes was adjudged incompetent to proceed to trial and was committed to the Department and placed at the South Florida Evaluation and Treatment Center (SFETC), a forensic treatment facility. Since then, annual orders have been entered based on findings that Reyes continues to remain incompetent to proceed to trial.
*254 On November 13, 2001, Reyes through counsel filed a motion to dismiss his criminal charges pursuant to section 916.145, Florida Statutes (2001).[1] He also filed a motion for a report from the Department addressing whether he remained 'incompetent to proceed to trial, whether he was restorable to competency in the foreseeable future and whether he should be civilly committed. This motion also requested that if the Department concluded that Reyes met the criteria for civil commitment that the Department provide a transfer evaluation.[2] After receiving the Department’s report, the trial court conducted a hearing and entered an order directing the Department to prepare, or have its designee prepare a transfer evaluation and set a future hearing date to address the motion to dismiss the charges and the civil commitment.
The Department files this petition for certiorari alleging that the trial court is not authorized to order the Department to prepare a transfer evaluation, rather the court can only order a defendant to undergo a Baker Act/involuntary examination. The cases which the Department relies upon, State v. Heidrick, 707 So.2d 1165 (Fla. 3d DCA 1998) and Amador v. State, 712 So.2d 1179 (Fla. 3d DCA 1998) are post-dismissal cases which find that once the criminal charges against the defendant are dismissed, the committing court lacks jurisdiction to order continued involuntary hospitalization. These cases are inappo-site to the instant case which involves the court’s jurisdiction to enter orders for involuntary hospitalization prior to dismissal of the defendant’s criminal charges. All parties agree that the trial court has the authority to order Reyes to undergo an involuntary examination. The dispute is whether the trial court can order the Department to prepare a transfer evaluation before ordering Reyes to undergo an involuntary examination. Pursuant to chapters 394 and 916, Florida Statutes (2001), and rule 3.213, Florida Rules of Criminal Procedure (2001), we conclude that the trial court has jurisdiction.
A trial court (as the committing court) retains jurisdiction over any criminal defendant hospitalized as incompetent to proceed to trial, and no such defendant shall be released except by order of the committing court. § 916.16, Fla. Stat. (2001). After a defendant has been hospitalized as incompetent, he or she may file a motion for the committing court to dismiss the criminal charges. See § 916.145, Fla. Stat. (2001); Fla. R.Crim. P. 3.213(b) (2001).[3] *255 Upon such motion, the trial court shall conduct a hearing to determine if the defendant remains incompetent to proceed to trial, whether there is a substantial probability that the defendant will regain mental competency in the foreseeable future, and whether the defendant meets the criteria to be civilly committed. Id.
At this hearing, the court must consider whether to dismiss the defendant’s criminal charges and in doing so, whether to civilly commit the defendant to the Department under the provisions of the Baker Act, Chapter 394.[4] The court must address both prongs concurrently because if a trial court grants a defendant’s motion to dismiss criminal charges prior to determining whether the defendant meets the criteria for involuntary commitment, it no longer has jurisdiction over the defendant to civilly commit him. State v. Heidrick, 707 So.2d 1165, 1169 (Fla. 3d DCA 1998) review dismissed, 719 So.2d 288 (Fla.1998). Once a defendant’s charges are dismissed, the State is required to either release the defendant or commit him for involuntary hospitalization pursuant to section 394.467(1) of the Baker Act. Id. In this case, the trial court has not yet ruled on the motion to dismiss charges and therefore continues to have jurisdiction over Reyes to decide both whether the motion to dismiss should be granted, and whether Reyes meets the civil commitment criteria.
In order to prepare itself for ruling on this pending motion, the trial court needs certain information. Procedurally, the trial court cannot properly decide if Reyes meets the criteria for civil commitment without ordering a transfer evaluation. The transfer evaluation provides the court with the information necessary for the court to determine if it is appropriate for a defendant to be admitted to a civil commitment facility. If the court concludes that Reyes can be civilly committed, the court will then enter an order stating that Reyes meets the criteria for involuntary examination and this order will initiate the involuntary examination proceedings including the appropriate notice and hearing procedures. See § 394.463(2)(a)(l), Fla. Stat. (2001).[5] The actual transfer evaluation includes the following language that also supports the argument that it must be provided prior to ordering the involuntary examination:
This form is completed by a Community Mental Health Center or Clinic in each case where a patient is being considered for admission to a state mental health treatment facility either on a voluntary or involuntary basis. In the case of potential involuntary admission, the original copy of this form shall be provided for the court’s consideration prior to Court action on the petition for involuntary placement. The evaluator or other knowledgeable person from the *256 center or the clinic shall be present at the court hearing to provide testimony as desired by the court.
Statutorily, it is also required that before a court hearing for involuntary placement in a state treatment facility, the court shall receive and consider information documented in a transfer evaluation. See § 394.461(2), Fla. Stat. (2001).
An example of the reason why it is necessary to obtain a transfer evaluation prior to the involuntary examination is that pursuant to section 394.462(l)(g), Florida Statutes (2001), a receiving facility is not required to admit a person charged with a crime for whom the facility determines and documents that it is unable to provide adequate security. Whether or not a defendant requires security would not be known to the court or a receiving facility without a transfer evaluation. Furthermore, if the facility determines that it is unable to provide security, it shall provide a mental health examination and treatment to the person where he or she is held. Id.[6] Finally, if the court grants the motion to dismiss and determines that the defendant meets the criteria for civil commitment, the defendant would be transferred to a civil treatment facility. See § 394.467(2), Fla. Stat. (2001). A civil patient will not be admitted to a treatment facility without previously undergoing a transfer evaluation. See § 394.461(2), Fla. Stat. (2001).
The trial court’s order designating either the Department or its designee to prepare the transfer evaluation was proper as the Department runs the forensic facility where Reyes is currently placed and under section 394.461(1), Florida Statutes, (2001), the Department designates receiving and treatment facilities.
Accordingly, we conclude that the trial court’s order requesting that the Department or its designee prepare a transfer evaluation was not a departure from the essential requirements of law and in fact is necessary for the upcoming dismissal/commitment hearing. We find no merit in the Petitioner’s remaining arguments.
The petition for writ of certiorari is denied.

. Section 916.145, Florida Statutes (2001), provides that "[t]he charges against any defendant adjudicated incompetent to proceed due to the defendant’s mental illness shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed 5 years after such determination, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future. ...”

. A "transfer evaluation” as defined by section 394.455(29), Florida Statutes (2001), is:
[T]he process, as approved by the appropriate district office of the department,' whereby a person who is being considered for placement in a state treatment facility is first evaluated for appropriateness of admission to the facility by a community-based public receiving facility or by a community menial health center or clinic if the public receiving facility is not a community mental health center or clinic.
(Emphasis added).

.Rule 3.213(b) provides in pertinent part:
If at any time after 5 years after determining a person incompetent to stand trial ... the court after hearing, determines that the defendant remains incompetent to stand trial ... that there is no substantial probability that the defendant will become mentally competent to stand trial ... in the foreseeable future, and that the defendant does meet the criteria for commitment, the court *255 shall dismiss the charges against the defendant and commit the defendant to the Department of Children and Family Services for involuntary hospitalization or residential services solely under the provisions of the law or may order that the defendant receive outpatient treatment at any facility or service on an outpatient basis subject to the provisions of those statutes. (Emphasis added).

. See Committee Notes to Rule 3.213, Florida Rules of Criminal Procedure.

. Section 394.463(2)(a), Florida Statutes (2001), provides:
"An involuntary examination may be initiated by any one of the following means:
1. A court may enter an ex-parte order stating that a person appears to meet the criteria for involuntary examination, giving the findings on which that conclusion is based. The ex-parte order for involuntary examination must be based on sworn testimony, written or oral...."

. This section also refutes the Department’s position that transfer evaluations may only be done in a receiving facility.