308 So.2d 1 (1975)
STATE of Florida ex rel. Frederick O. EVANS et al., Relators,
v.
The Honorable Bill G. CHAPPEL, As Judge of the Circuit Court of the Sixteenth Judicial Circuit of Florida, Respondent.
No. 45054.
Supreme Court of Florida.
February 5, 1975.
*2 Phillip A. Hubbart, Public Defender, Mark King Leban and Bennett H. Brummer, Asst. Public Defenders, for relators.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
We have jurisdiction pursuant to Art. V, § 3(b)(5), Fla. Const., relators having sought issuance of a writ of mandamus directed to respondent in his capacity as a circuit judge.
This cause presents for our determination the proper interpretation of Rules 3.160(a), 3.170(a) and 3.180(a), Florida Rules of Criminal Procedure, as such rules relate to acceptance of written pleas of not guilty filed by counsel in criminal cases. The facts presented are as follows: Relators are a public defender and certain indigent accuseds whom he represents. These accuseds reside in such diverse places as Key West, Flint, Michigan, and Montreal, Canada; each has been charged with committing a felony within the Sixteenth Judicial Circuit, has been afforded a preliminary hearing and has been bound over for trial before the respondent circuit judge. It is contended that each of the accuseds wished to have relator-public defender enter a written plea of not guilty on his behalf which he claims has been refused. The able circuit judge urges that certain procedures are proper in the filing of pleas and that this is the province of the judge in maintaining an orderly disposition of cases.
As shown by his return and brief to our alternative writ, respondent circuit judge takes the position that acceptance of a written plea of not guilty is a matter coming within his official discretion under the above-cited rules, and hence that mandamus does not lie, since he is not under a clear legal duty to accept a written plea of not guilty. Relators, on the other hand, urge that the respondent has no discretion, but must accept such a written plea if tendered.
In pertinent part, Cr.P.R. 3.160(a) states: "If the defendant is represented by counsel, his counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived." Cr.P.R. 3.170(a) provides in part: "Except as otherwise provided by these rules, all pleas to a charge shall be in open court and shall be entered by the defendant"; the same rule also states: "A plea of not guilty may be entered in writing by counsel." And Cr.P.R. 3.180(a) provides: "In all prosecutions for crime the defendant shall be present ... (2) When a plea is made, unless a written plea of not guilty shall be made in writing under the provisions of Rule 3.170(a)."
By express terms of Cr.P.R. 3.160(a), the reading or statement of the charge "may be waived by the defendant". And upon counsel's filing of the written plea of not guilty set forth in that rule, "thereupon arraignment shall be deemed waived." The entire tenor of the rule is to afford certain alternatives to the defendant *3 through his defense counsel and to save his time and that of the court. Whether to enter the written plea or not is therefore an initial determination for the defendant  and not the court.
Expeditious arraignment to plead guilty is provided in Cr.P.R. 3.160(c); this is initiated by the defendant; and correspondingly, Cr.P.R. 3.160(a) has likewise given opportunity to expedite not guilty pleas through counsel. The whole spirit and intent of the rules is to move cases through the courts with the least amount of delay and unnecessary motion.
Respondent judge points out that the Committee Note to Rule 3.170(a) states: "new provision permits, with court approval, plea of not guilty to be made in writing." However, we observe that the Committee Notes to the other rules referred to above make no reference to court approval of such pleas. Rule 3.170(a) was adopted by this Court in In re Florida Rules of Criminal Procedure, 272 So.2d 513 (Fla. 1973). In that opinion, we specifically stated: "The notes appended to each rule are not adopted by the Court". Although Committee Notes are generally a valuable aid in the application of the rules, they are not binding.
In order to accept respondent's construction of the rules in question, it would be necessary to read into the language of Cr. P.R. 3.160(a) an additional phrase, and to have it say, "his counsel may, with the permission of the court, file a written plea of not guilty... ." This it did not do, and there is no compelling State interest shown to justify such a modification of the plain words of the rule. Provisions for court consent to a plea of nolo contendere are found in Cr.P.R. 3.170(a), and to a plea on other charges in Cr.P.R. 3.170(b). It would have been a simple matter to insert such a phrase in Cr.P.R. 3.160(a) had such a result been intended. The fact that no such phrase is present shows that no such result was intended. We therefore view this provision of the rules as directory, subject to reasonable procedures applicable to the use of the written not guilty plea.
The "discretion" involved under the wording in these rules is only that which is the administrative discretion inherent in the trial judge to control his court and the proceedings therein, so long as he does not abuse it.
The trial judge may inherently provide such reasonable predicates and procedures in the use of the not guilty plea in writing by counsel, as may be reasonable and proper to facilitate the administration of the court so long as they are consistently applied and do not arbitrarily deny to a defendant the privilege afforded by the rule of filing a written not guilty plea by his duly authorized counsel. Any such local procedures should be designed to accomplish what is best for the administration of justice in that court, including the setting of trial dates, notification of parents of juveniles and such other procedural matters as may be appropriate in expediting the court calendar and expeditiously meeting the various administrative requirements of the court. Any delay or refusal by the trial judge to accept such a not guilty written plea from defendant's attorney as contemplated by the rule would have to be founded upon an adverse affect upon such administrative procedures in that court or some special circumstance in the individual case. The refusal to receive such a written guilty plea could not of course be based upon the judge's personal preferences or desires which were not founded upon such an administrative basis or special circumstance with logic and reason.
In light of the reciprocal privileges and requirements discussed above, there does not "clearly appear"[1] from the record before us, the "plain legal duty" which is *4 required for the issuance of a writ of mandamus, and absent a proper showing, the writ of mandamus must be denied.[2] Upon the return to the alternative writ and order to show cause, such alternative writ is hereby quashed and the rule is
Discharged.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, McCAIN, OVERTON and ERVIN (Retired), JJ., concur.
NOTES
[1] State v. Chancey, 129 Fla. 194, 176 So. 78, 87 (1937).
[2] State v. Atkinson, 97 Fla. 1032, 122 So. 794, 795 (1929).