PER CURIAM.
Willie Howard Tellis filed a petition for writ of habeas corpus which we previously granted by unpublished order. In that order, we indicated that an opinion was to follow. Based on this court’s research and the record before us, we now hold the writ should be denied. We vacate that order and substitute the following opinion.
Tellis was arrested on charges of burglary and battery. The public defender was appointed to represent Tellis and filed a written plea of not guilty on his behalf pursuant to Florida Rule of Criminal Procedure 3.160. Tellis was then released on his own recognizance because the State failed to timely file formal charges. The State subsequently filed an information formally charging Tellis, and Tellis was noticed to appear for arraignment. The notice of arraignment contained the following statement: “Defendant’s presence is mandated and no waiver of appearance will be accepted.” Tellis did not appear for arraignment and the trial court revoked his pretrial release and issued a capias for his arrest. The state attorney’s office also filed a separate charge of failure to appear. An arrest warrant was issued on that charge as well, and Tellis was arrested on both cases.
Tellis filed motions for release on both charges and a motion to dismiss the failure to appear charge, both of which were denied. This petition followed. Tellis argued both below and in this court that the plain language of rule 3.160 requires that arraignment be waived upon the filing of a written plea of not guilty by counsel. Rule 3.160 provides, in pertinent part, that “counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.” Tellis did not allege that the trial court had singled him out in refusing to accept his written not guilty plea or that the trial court was applying its policy of refusing to accept such pleas in an inconsistent manner.
The supreme court has held that, although this portion of rule 3.160 is directory, a trial judge still has an inherent discretion to control his or her court and may, therefore, provide
*354 such reasonable predicates and procedures in the use of the not guilty plea in writing by counsel, as may be reasonable and proper to facilitate the administration of the court so long as they are consistently applied and do not arbitrarily deny to a defendant the privilege afforded by the rule of filing a written plea of not guilty by his duly authorized counsel.
State of Florida ex rel. Evans v. Chappel, 308 So.2d 1, 3 (Fla.1975).
We do not by this opinion endorse the trial court’s demand that this defendant appear personally at arraignment. It is clear from rule 3.160(a) and Chappel that the requirement of personal appearance to enter a plea of not guilty is an exception to rule 3.160(a). Refusal to hon- or a written plea of not guilty would never be approved as a standard procedure by a trial court and an exception to the right to enter a written plea of not guilty should be employed only under the most unusual circumstances.
If the trial court provided exceptions to the rule in any arbitrary fashion, for example, by requiring personal appearance of indigent defendants while allowing defendants with retained attorneys to file written pleas, relief would be warranted. Because the record before us does not establish that the trial court in this case abused its limited discretion in requiring a personal appearance by this defendant, we are unable to grant relief. Therefore, the petition for writ of habeas corpus is denied. Our prior order releasing Tellis from custody is vacated, and Tellis is returned to the custody status that he held prior to the issuance of that order.
THREADGILL, A.C.J., and BLUE and DAVIS, JJ, Concur.