795 So.2d 227 (2001)
Michael STOUT, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D01-2056.
District Court of Appeal of Florida, Fourth District.
September 26, 2001.
Alan H. Schreiber, Public Defender, and Debra A. Bookout, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
This case presents nearly the same factual situation as Lynch v. State, 736 So.2d 1221 (Fla. 5th DCA 1999), which counsel *228 for Petitioner cited to the trial court below to no effect. As in Lynch, the instant trial court rejected Petitioner's signed, written waiver of appearance for a pretrial status conference in his criminal prosecution, instead requiring his personal appearance. In the instant case, Judge Goldstein explained that Stout's personal appearance was required because most pleas in his division were entered at status conferences. Counsel for Petitioner assured the judge that if he were able to negotiate a plea, he would advise Petitioner to attend the conference or schedule a change of plea hearing for that purpose, but if there was to be no plea, then there may be no reason to require Petitioner to miss work for every hearing and possibly jeopardize his employment. Nevertheless, Judge Goldstein would not accept the waiver and required Petitioner's personal appearance.
We adopt the reasoning of the Fifth District in Lynch and also hold that the trial court's refusal to accept Petitioner's written waiver of his appearance at the upcoming status conference contravenes Florida Rules of Criminal Procedure 3.180(a)(3) (requiring the presence of the defendant at pretrial conferences "unless waived by the defendant in writing") and 3.220(p)(1) (allowing the trial court to hold one or more pretrial conferences and stating that "[t]he defendant shall be present unless the defendant waives this in writing").
As the Fifth District did in Lynch, we hereby grant the petition for writ of mandamus and direct the trial court to accept Petitioner's written waiver of appearance in accordance with the foregoing rules.
POLEN, C.J., KLEIN and STEVENSON, JJ., concur.