822 So.2d 595 (2002)
Belgica Nubia CRUZ, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D02-2093.
District Court of Appeal of Florida, Third District.
August 16, 2002.
Fisher, Lawrence & Malove and Robert David Malove, Miami, for petitioner.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for respondent.
Before COPE, SORONDO and RAMIREZ, JJ.

Confession of Error
COPE, J.
Belgica Nubia Cruz petitions for a writ of mandamus. The State has properly confessed error.
Defendant-petitioner Cruz is charged with uttering a forged instrument and grand theft. She filed a written waiver of presence at pretrial conferences pursuant to Florida Rules of Criminal Procedure 3.180(a)(3) and 3.220(p)(1).
*596 The trial court issued a Notice of Court Appearance for August 2, 2002 for "Report Re:Plea." It appears this was a hearing scheduled by the trial court as a case management device to ascertain whether a plea had been offered and if so, whether it had been, or was likely to be, accepted. Defense counsel appeared at the scheduled time, but the defendant did not. The court ordered that "a no bond alias capias is entered as a result of the defendant's failure to appear in person today at the pretrial conference as otherwise directed by the Court."[1]
The defendant filed the instant petition for a writ of mandamus, asking this court to (1) direct the trial court to accept the written waiver of presence at pretrial conferences and (2) direct that the capias be quashed.
The Fifth District Court of Appeal explained in a similar case:
Florida Rules of Criminal Procedure 3.180(a)(3) and 3.220(p) provide that a defendant's presence at a pretrial conference may be waived in writing. On June 18, 1997, a waiver of appearance signed by petitioner was filed by her attorney. The Notice of Docket Sounding does not inform the petitioner that this pretrial proceeding requires her personal appearance, that her presence may not be waived and that she could not appear through counsel. Accordingly, there appears to be no legal basis for issuance of the capias and it is hereby quashed.
Reynolds v. State, 696 So.2d 1275 (Fla. 5th DCA 1997) (emphasis added); Stout v. State, 795 So.2d 227 (Fla. 4th DCA 2001); Lynch v. State, 736 So.2d 1221 (Fla. 5th DCA 1999); see also Kearse v. State, 770 So.2d 1119, 1125 (Fla.2000), cert. denied, 532 U.S. 945, 121 S.Ct. 1411, 149 L.Ed.2d 352 (2001).
As is implicit in the Reynolds decision, the trial court can require the personal presence of the defendant in court, notwithstanding the waiver, if there is a good reason to do so. But if that is what the court wants to accomplish, then defense counsel and the defendant must be clearly advised that the defendant's personal presence is required, notwithstanding the waiver of presence. Reynolds; see also Tellis v. State, 779 So.2d 352, 353 (Fla. 2d DCA 2000).
Based on the cited authorities and the State's confession of error, we conclude that the defendant was not given a sufficiently clear notice that her personal appearance would be required in court, notwithstanding that she had executed a written waiver of appearance. This ruling is without prejudice to the trial court to reschedule the matter on clearer notice, if the court so desires.
We treat the petition for writ of mandamus as a petition for writ of habeas corpus, and quash the capias.[2]
Petition granted.
RAMIREZ, J., concurs.
*597 SORONDO, J. (specially concurring).
I agree with the majority that the defendant is entitled to the relief she seeks. As noted by Judge Cope, although the notice mailed to defendant described the type of hearing as "Report Re: Plea," the order under review characterizes the hearing in question as a "pretrial conference." Accordingly, it appears that both the judge and defense counsel were under the impression that the hearing at issue was a pretrial conference. This being the case, under Rule 3.180(a)(3), Florida Rules of Criminal Procedure, defendant was entitled to waive her presence in writing, and the alias capias should never have issued.
I write separately to stress that I do not believe that a "report re: plea" hearing, is properly characterized as a pretrial conference, as that term is used in the Florida Rules of Criminal Procedure. Rule 3.220(p)(1) states:
The trial court may hold 1 or more pretrial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. The defendant shall be present unless the defendant waives this in writing.
(Emphasis added). Although the term "pretrial conference" is not defined with much specificity, it seems clear that the intended purpose of such a conference is organizational in nature. At a hearing that seeks to "promote a fair and expeditious trial," the court would expect to be provided a realistic list of the witnesses that would actually be called to testify; the number and nature of expert witnesses expected to testify; the number and nature of exhibits to be used; whether any evidentiary motions are pending and need to be resolved before a jury is selected; the amount of time the parties believe the trial will take to complete; the existence of any extraordinary security concerns that the case presents; and any other factors that may affect the orderly progress of the trial. Given the purely organizational nature of this type of hearing, it is understandable that the rules allow the defendant to waive his appearance.
The "Report Re: Plea" hearing is not organizational in nature and its sole purpose is to promote the efficient disposition of cases prior to the scheduled trial date. Although I agree with the majority opinion's statement that the purpose of this case management tool is to "ascertain whether a plea had been offered and if so, whether it had been, or was likely to be, accepted ...," I believe its purpose is also to facilitate a forum where busy attorneys who may otherwise be unable to meet until the trial date, can come together to discuss possible plea bargains, and where the court can become involved in that process, if requested by the parties. See State v. Warner, 762 So.2d 507 (Fla.2000). Many experienced trial judges believe that this type of hearing is completely worthless if the defendant is not present to accept a satisfactory resolution. I am not prepared to say that they are incorrect in this assessment, or that the rules of criminal procedure prohibit an efficiently conducted "Report Re: Plea" hearing.
Nevertheless, because it appears that defense counsel may have legitimately been under the impression that the hearing at issue was a pretrial conference, an impression that is corroborated by the trial judge's own characterization of the hearing in the order under review, I agree that the alias capias must be quashed.
NOTES
[1] Rule 3.220(p)(1) states: "The trial court may hold 1 or more pretrial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. The defendant shall be present unless the defendant waives this in writing."

The order now under review characterizes the August 2 hearing as being a pretrial conference. For present purposes, we accept that characterization.
[2] In Stout and Lynch, the defendant petitioned for a writ of mandamus to require the trial court to accept the defendant's written waiver of presence. Stout, 795 So.2d at 228; Lynch, 736 So.2d at 1222. In those cases no capias had been issued.

In the present case a capias has been issued, and the defendant seeks to quash it. We thus treat the petition as being for habeas corpus. See Amador v. State, 712 So.2d 1179 (Fla. 3d DCA 1998).