905 So.2d 974 (2005)
Robert WALTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2383.
District Court of Appeal of Florida, First District.
June 28, 2005.
Flem K. Whited, III and David H. Foxman of Whited, Fuller, Miller & Foxman, Daytona Beach, for Appellant.
Charlie Crist, Attorney General and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
*975 PER CURIAM.
Robert Walters appeals an order of the circuit court denying his motion for writ of mandamus. Walters sought mandamus relief to challenge a county court order that refused to accept his written waiver of appearance at a pretrial conference and required him to attend the conference. Treating the circuit court's order as a final order subject to de novo review, Mazer v. Orange County, 811 So.2d 857 (Fla. 5th DCA 2002), for the reasons that follow, we reverse.
Walters has been charged by information filed in Alachua County with driving under the influence of alcohol, driving with a suspended license, and driving at an unlawful speed. Walters, who is not a resident of Alachua County, executed a written document entitled "Waiver of Presence at Pre-Trial Conference" by which he waived his appearance at pretrial conference and "all other court proceedings to be held in this case." Thereafter, the county court issued a notice to appear at a trial status conference, at which Walters' counsel appeared. Walters did not personally appear. A capias warrant against Walter thereafter issued. Walters successfully moved to set aside the capias, but the county court rescheduled *976 the status conference and expressly ordered Walters' appearance despite the previously executed written waiver. The county court based its order on the authority of Tellis v. State, 779 So.2d 352 (Fla. 2d DCA 2000), and an administrative order of the Eighth Judicial Circuit. Walters challenged the county court's order in the circuit court by a petition for writ of mandamus. The circuit court denied mandamus relief, noting that a court has the discretion to insist upon a party's personal appearance at proceedings such as a trial status conference. Walters now appeals the circuit court's denial of relief.
The extraordinary writ of mandamus is not used to establish the existence of an enforceable right, "but rather only to enforce a right already clearly and certainly established in law." Florida Caucus of Black State Legislators v. Crosby, 877 So.2d 861, 863 (Fla. 1st DCA 2004) (quoting Sancho v. Joanos, 715 So.2d 382, 385 (Fla. 1st DCA 1998)). The decision of a district court of any appellate district is binding on a county or circuit court until that decision is overruled by the Florida Supreme Court. Pardo v. State, 596 So.2d 665 (Fla.1992). Here, the rulings of the courts below are contrary to Florida Rules of Criminal Procedure 3.180(a)(3) and 3.220(p)(1), and a rule of law clearly and certainly established in the decisions of the Fourth and Fifth Districts in Lynch v. State, 736 So.2d 1221 (Fla. 5th DCA 1999), and Stout v. State, 795 So.2d 227 (Fla. 4th DCA 2001).
In Lynch, 736 So.2d 1221 (Fla. 5th DCA 1999), the district court held that a county court's refusal to accept a defendant's written waiver of appearance at a pre-trial conference was in direct contravention of the rules of criminal procedure and therefore warranted mandamus relief. Similarly, in Stout v. State, 795 So.2d 227 (Fla. 4th DCA 2001), the district court held that, where the trial court rejected a defendant's signed, written waiver of appearance for a pretrial status conference in his criminal prosecution and required the defendant's personal appearance, the trial court contravened the clear dictates of Florida Rules of Criminal Procedure 3.180(a)(3)(requiring the presence of the defendant at pretrial conferences "unless waived by the defendant in writing") and 3.220(p)(1)(allowing the trial court to hold one or more pretrial conferences and stating that "[t]he defendant shall be present unless the defendant waives this in writing"). Id. at 228; see also Kearse v. State, 770 So.2d 1119, 1125 (Fla.2000)(explaining that rule 3.180(a)(3) provides that a defendant may waive his or her presence at pretrial conferences by written waiver and does not require the court to conduct a waiver hearing), cert. denied, 532 U.S. 945, 121 S.Ct. 1411, 149 L.Ed.2d 352 (2001); cf. Reynolds v. State, 696 So.2d 1275 (Fla. 5th DCA 1997)(holding there was no legal basis for issuance of capias warrant as defendant had waived presence at pretrial proceeding in writing and notice of docket sounding did not inform petitioner that her personal appearance was required and could not be waived), and Cruz v. State, 822 So.2d 595, 596 (Fla. 3d DCA 2002)(although noting that "the trial court can require the personal presence of the defendant in court, notwithstanding the waiver, if there is a good reason to do so;" holding capias improperly issued after defendant failed to appear at pretrial hearing where defendant had filed written waiver of appearance pursuant to the rules of criminal procedure and where court did not give sufficiently clear notice to defendant that defendant's personal appearance would be required).
The case cited by the court below, Tellis v. State, does not mandate a different result. In Tellis, the trial court refused to *977 accept the defendant's written plea of not guilty prior to arraignment thereby requiring the personal appearance of the defendant at arraignment. While noting that the refusal to accept written pleas would not be approved as standard procedure, the reviewing court nevertheless declined to grant the defendant in Tellis a writ of habeas corpus. The Tellis decision addressed the scope of rule 3.160(a), which provides that a defendant represented by counsel may file a written plea of not guilty before or at arraignment, in which case arraignment shall be waived. As the Tellis court observed, the Florida Supreme Court has previously held that a trial court may impose
reasonable predicates and procedures in the use of the not guilty plea in writing by counsel, as may be reasonable and proper to facilitate the administration of the court so long as they are consistently applied and do not arbitrarily deny to a defendant the privilege afforded by the rule of filing a written plea of not guilty by his duly authorized counsel.
779 So.2d at 354, quoting State of Florida ex rel. Evans v. Chappel, 308 So.2d 1, 3 (Fla.1975).
The instant case, however, involves rules 3.180(a) and 3.220(p), Florida Rules of Criminal Procedure, and not rule 3.160. Further, the pre-trial proceeding at issue in the case before us was not scheduled for the purpose of the reading of the charges and the consequent entry of a plea. We are persuaded by the analysis in Lynch and Stout that, absent a finding of good cause for requiring the presence of the defendant at a pre-trial conference, Cruz, 822 So.2d at 596, the trial court does not possess the discretion to deny a defendant the ability to waive his appearance at pretrial proceedings, as permitted by rules 3.180(a)(3) and 3.220(p)(1). Similarly, the Eighth Circuit does not have the authority, by issuance of an administrative order, to adopt a blanket circumvention of the criminal rules of procedure. Accordingly, we reverse and remand for further proceedings in this cause consistent with this opinion.
REVERSED and REMANDED.
VAN NORTWICK, POLSTON and THOMAS, JJ., concur.