948 So.2d 852 (2007)
Christina ALBRITTON,
v.
Bob WHITE, Sheriff of Pasco County, Florida, Respondent.
No. 2D06-5172.
District Court of Appeal of Florida, Second District.
January 31, 2007.
Bob Dillinger, Public Defender, Clearwater, and Donald W. Hendry, Assistant Public Defender, Dade City, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Respondent.
DAVIS, Judge.
Christina Albritton seeks a writ of habeas corpus. We previously granted her request on November 22, 2006, by unpublished order, stating than an opinion would *853 follow. In the November 22, 2006, order, we directed that Albritton be released on her own recognizance for the reasons explained below.
Albritton was arrested on a charge of possession of cocaine. On September 15, 2006, the public defender was appointed to represent Albritton and filed a written plea of not guilty on her behalf pursuant to Florida Rule of Criminal Procedure 3.160. Albritton was released on her own recognizance. Subsequently, the State filed an information formally charging Albritton, and a notice scheduling the arraignment for November 6, 2006, was filed with the trial court. Albritton did not appear for her arraignment.[1] Based on a new policy established by the trial court in a memorandum dated August 2, 2006, the trial court revoked Albritton's pretrial release and issued a capias for her arrest with a $10,013 bond. Albritton was later arrested on the capias.
In its August 2, 2006, memorandum, the trial court indicated that it was discontinuing its existing practice of allowing defendants to waive their presence for arraignments and status reviews, specifically stating that "[c]ommencing October 9, 2006, all defendants and counsel will be expected to be present for arraignments and status reviews." The policy was subsequently amended to apply only to arraignments. The trial court's new policy was designed to promote the orderly administration of the trial court's docket by ensuring that defendants had an opportunity to meet with counsel prior to arraignment and by eliminating requests for continuances because counsel had not had an opportunity to meet with his or her client.
In her petition, Albritton argued that the trial court's new policy was a "blanket procedure overriding rule 3.160 in all cases." Rule 3.160(a) provides in pertinent part that "counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived." The supreme court has held that, although this portion of rule 3.160(a) is directory, a trial judge still has the inherent discretion to control his or her court so long as he or she does not abuse it. See State ex rel. Evans v. Chappel, 308 So.2d 1, 3 (Fla.1975).
The trial judge may inherently provide such reasonable predicates and procedures in the use of the not guilty plea in writing by counsel, as may be reasonable and proper to facilitate the administration of the court so long as they are consistently applied and do not arbitrarily deny to a defendant the privilege afforded by the rule of filing a written not guilty plea by his duly authorized counsel.
Id.
In its response, the State, relying on Cruz v. State, 822 So.2d 595 (Fla. 3d DCA 2002), argued that the trial court can require the personal presence of the defendant in court, notwithstanding the waiver, if there is good reason to do so and both defendant and counsel are "clearly advised" that personal presence is required. The State argued that both Albritton and counsel were properly advised that Albritton's presence was required, that the trial court's policy facilitates the administration of justice, and that the policy does not arbitrarily deny Albritton the privilege afforded by the rule of filing a written plea of not guilty by her duly authorized counsel.
*854 However, there is nothing in the record before this court to support the State's argument that Albritton was "clearly advised" that her presence was required at arraignment. It does not appear that there were any circumstances particular to Albritton that would justify ordering her to appear at the arraignment after counsel filed a written plea of not guilty pursuant to rule 3.160. Additionally, as we previously stated in Tellis v. State, 779 So.2d 352, 354 (Fla. 2d DCA 2000), "[r]efusal to honor a written plea of not guilty would never be approved as a standard procedure by a trial court and an exception to the right to enter a written plea of not guilty should be employed only under the most unusual circumstances." Therefore, we find that the trial court's blanket policy, as enunciated in the August 2, 2006, memorandum, ordering all defendants and counsel to appear at arraignment arbitrarily denied Albritton the privilege afforded by rule 3.160. Accordingly, we granted Albritton's petition for writ of habeas corpus and ordered her immediate release.
WALLACE, J., Concurs.
VILLANTI, J., Concurs specially.
VILLANTI, Judge, Specially concurring.
I fully concur in this opinion but write to suggest that, without an amendment to the rules of criminal procedure, a trial judge's options are limited in terms of enforcing a goal such as the one here, seeking to ensure greater attorney-client contact. Moreover, without some particularized reason to do so, however laudable the goal may be, I do not believe this is a topic for a trial court to meddle in on a "blanket" basis, especially not at the arraignment. Court appearances serve the dual purpose of providing for the orderly administration of the case and ensuring a defendant's right to be present at key phases of the proceedings. Except under limited circumstances,[2] the rules do not forbid a defendant from waiving his right to be present. The trial judge's inherent interest in the orderly administration of the case here was based only upon a generic assumption that attorney-client contact in the court's presence at the arraignment will lead to fewer continuances and, hence, an earlier resolution of the case. However, this assumption, unsupported by any empirical data or showing of particularized necessity, does not constitute a "good reason" under the case law permitting the trial court to override Albritton's rule 3.160(a) waiver right. Thus, I certainly agree with the majority that even if an individual notice was sent to Albritton, under the circumstances of this case, habeas relief is still proper.
Furthermore, a blanket approach presupposes that every attorney is providing insufficient representation or needs nudging by the court. The idea contemplated by the trial judge, if it is to be pursued, is best addressed at the pretrial conference, provided an order to appear is served on a defendant and counsel that indicates a defendant must be present and itemizes a particularized reason why a waiver will not be accepted. At that time, the trial court could inquire as to a defendant's satisfaction with counsel and the frequency of their contact, etc. The reality is that, in any but the simplest of cases, meaningful attorney-client contact (and dialogue with the prosecutor) is more likely to occur at this stage, rather than at an unwieldy arraignment docket.
NOTES
[1] There is nothing in the record before this court which indicates that counsel was not present at arraignment.
[2] See Fla. R.Crim. P. 3.180(a) ("Presence of Defendant").