MORRIS, Judge.
Jeffrey David Tishner seeks a writ of habeas corpus. We previously granted his request on October 6, 2011, by unpublished order, stating that an opinion would follow. In the October 6, 2011, order, for the reasons explained below, we directed the circuit court to release Tishner and restore his bond status as it existed prior to his latest arrest.
On September 14, 2010, Tishner was placed on five years’ probation for the charges of burglary of an unoccupied structure and grand theft in Lee County case number 10-CF-015334. On February 15, 2011, Tishner was arrested in Charlotte County on a charge of driving under the influence. As a result of the new offense, on March 4, 2011, a warrant from Lee County was issued alleging that Tishner had violated his probation in case number 10-CF-015334, and Tishner was served with this warrant on April 7, 2011, while in custody on the new offense. Shortly thereafter, Tishner’s bond in case number 10-CF-015334 was set at $10,000.
*788 On May 2, 2011, Tishner, through counsel, filed a waiver of arraignment and plea of not guilty in case number 10-CF-015334, the Lee County violation of probation (VOP). Once his Charlotte County proceedings were resolved, Tishner posted bond on his Lee County VOP. Upon doing so, on July 13, 2011, Tishner filled out a general surety appearance bond form with Bankers Insurance Company, stating that he would appear on demand at the next regular or special term of court. On August 5, 2011, a court order was issued setting Tishner’s VOP arraignment in case number 10-CF-015334 for September 6, 2011. Following Tishner’s failure to appear, a warrant was issued for his arrest, and he was taken into custody on September 20, 2011.
In his petition, Tishner alleges that pursuant to Florida Rule of Criminal Procedure 3.160(a), “counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.” Tishner argues that his May 2, 2011, waiver and plea of not guilty, although filed before the VOP arraignment was set, effectively invoked this rule. Tishner further alleges that the trial court refused to acknowledge his waiver and issued a warrant for his arrest for a failure to appear based simply on the judge’s personal policy requiring all defendants to be at arraignments on VOPs.
While judges have some latitude on how to enforce rule 3.160, this court has previously held that a blanket policy “ordering all defendants and counsel to appear at arraignment arbitrarily denied [defendants] the privilege afforded by rule 3.160.” Albritton v. White, 948 So.2d 852, 854 (Fla. 2d DCA 2007). In addition, “[r]efusal to honor a written plea of not guilty would never be approved as a standard procedure by a trial court and an exception to the right to enter a written plea of not guilty should be employed only under the most unusual circumstances.” Tellis v. State, 779 So.2d 352, 354 (Fla. 2d DCA 2000). Even if such circumstances exist, “then defense counsel and the defendant must be clearly advised that the defendant’s personal presence is required, notwithstanding the waiver of presence.” Cruz v. State, 822 So.2d 595, 596 (Fla. 3d DCA 2002). Here, the order setting VOP arraignment simply established the date and location, with no indication of unusual circumstances or even requirements to appear.
In its response, the State argues that Tishner had not provided the required appendix complete with a transcript from his VOP hearing in order for the court to determine what arguments and objections were made below. See Fla. R.App. P. 9.100(g); 9.220. However, the included appendix contains sufficient portions of the record to assess the petition on the merits. Substantively, the State also relies upon Tishner’s July 13, 2011, bond form, in which he stated that he would appear on demand at all future terms of court. The State maintains that this form, filed after Tishner’s waiver of arraignment and plea of not guilty, superseded the prior waiver. However, the bond form was merely a third-party insurance document, not a binding court document.
Finally, the State argues that Tishner had failed to file the necessary motions with the trial court according to Florida Rule of Criminal Procedure 3.131(d)(3), which provides in part that “[i]f any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail.” However, on September 21, 2011, Tishner filed an “Emergency Motion to Dismiss Bench Warrant, and Set Aside D-6 and Bond Estreature.” Upon learning that the motion would not be consid *789 ered as an emergency, Tishner filed the current habeas petition. In addition, the situation is somewhat unique here as Tish-ner had already posted bond and was taken into custody again merely because he did not appear at arraignment.
We conclude that having filed a valid waiver of arraignment and plea of not guilty prior to arraignment, Tishner thus satisfied the requirements of rule 3.160. Furthermore, the order setting Tishner’s VOP arraignment did not advise him that his personal presence was required, notwithstanding the waiver of his presence that he had previously executed. Accordingly, we granted Tishner’s petition for writ of habeas corpus and ordered his immediate release.
KHOUZAM, J., Concurs.
CRENSHAW, J., Dissents.