LAGOA, J.
Jean-Elie Charlemagne seeks an emergency writ of habeas corpus, asking this Court to vacate an alias capias warrant and reinstate his bond.
Charlemagne was charged with fleeing and eluding an officer and resisting an officer without violence. On July 13, 2015, and again on December 18, 2015, Charlemagne filed a written waiver of his right to be present at any and all pretrial conferences pursuant to Florida Rule of Criminal Procedure 3.180(a)(3).
*1263 At a hearing on December 18, .2015, Judge Cristina Miranda held Charlemagne in indirect criminal contempt for failure to comply with court orders for a competency evaluation, and sentenced him to ten days in jail. Because Judge Miranda did not follow mandatory procedures for holding a person in indirect criminal contempt, this Court granted Charlemagne’s emergency petition for writ of habeas corpus, vacated the contempt order entered by the trial court, and directed that Charlemagne be immediately released. See Charlemagne v. Guevara, 41 Fla. L. Weekly D30b (Fla. 3d DCA Dec. 23, 2015).
Soon thereafter, a hearing was calendared for January 13, 2016, before the same trial court judge. The trial court docket shows that the hearing was entitled “REPORT RE: MANDATE.”' Charlemagne was not present- at the start of the hearing, and the trial court inquired whether Charlemagne had been noticed for the hearing. The clerk informed the trial court that Charlemagne had not received notice of the hearing. After noting that Charlemagne’s bondsman was on notice, the trial court issued an alias capias warrant and estreated Charlemagne’s bond. Defense counsel objected, and the trial court stated that Charlemagne had failed to give the trial court an address, and that notice to the bondsman required Charlemagne’s presence. Approximately thirty minutes later, Charlemagne appeared in the courtroom. The trial court ordered Charlemagne to “have a seat in the box.” Defense counsel argued for Charlemagne’s release, informing the, trial court that Charlemagne had waived his pretrial presence and was not required to be present for the proceedings that day. The trial court “den[ied] the motion to allow him back out” for several reasons— Charlemagne’s failure to provide the trial court with an address, the fact that he had frequently failed to appear in court or was late to court, the need,for a competency evaluation, that Charlemagne needed/ to inform the trial court whether he intended to represent. himself, and that the trial court “did not hear” defense counsel state that Charlemagne hqd waived his presence.
At subsequent hearings, defense counsel repeatedly requested that the trial court vacate the alias capias warrant and release Charlemagne on his original bond. At the most recent hearing, held on January 22, 2016, the trial court denied the request, stating that “I’ve never , waived his presence.” Charlemagne remains in custody.
Judge Miranda’s issuance of the alias capias warrant for Charlemagne’s failure to appear at the January 13 hearing is contrary to Florida Rule of Criminal Procedure 3.180(a)(3). Rule 3.180(a)(3) provides that a defendant’s presence at a pretrial conference may be waived in writing. As’this Court stated in Cruz v. State, 822 So.2d 595 (Fla. 3d DCA 2002), if there is a good reason to do so, a trial court may require the presence ‘of the defendant in court even when the defendant has filed a written waiver. In order to accomplish this, however, “defense • counsel and the defendant must be clearly advised that the defendant’s personal presence is required, notwithstanding the waiver of presence.” Id. at 596, Here, there is no indication that Charlemagne and his counsel were clearly advised that his presence was - required at the January 13 hearing, which was set simply to address this Court’s mandate in the contempt proceedings.[1] *1264 See also Walters v. State, 905 So.2d 974 (Fla. 1st DCA 2005); McDermott v. State, 824 So.2d 333 (Fla. 3d DCA 2002); Reynolds v. State, 696 So.2d 1275 (Fla. 5th DCA 1997). Because there is no legal basis for the issuance of the alias capias warrant under these circumstances, we grant the petition for writ of habeas corpus, quash the alias capias warrant, and direct that Charlemagne be immediately released with his original bond and bond conditions reinstated.
No rehearing will be entertained by the Court, and the mandate shall issue immediately.

. We reject the State’s assertion that Cruz is inapplicable here. The State argues that Cruz is distinguishable from the instant case because in Cruz, the defendant received no notice, whereas here, Charlemagne received notice of the hearing through his bondsman, *1264 The document upon which the State relies, however, indicates only that the bondsman and Charlemagne’s counsel were notified that a hearing described as "REPORT RE: MANDATE” was scheduled for January 13. The document does not state that Charlemagne’s presence was required or mandatory. On its face, this notice fails to meet the standard set forth in Cruz — that the defendant and defense counsel be "clearly advised” that the defendant’s presence is required. 822 So.2d at 596. We also reject the State’s contention that the record does not support the characterization of the January 13 hearing as a pretrial conference. When this Court granted relief in the previous habeas corpus proceeding, the relief granted was not a "new contempt proceeding” as the State claims. Rather, this Court vacated the contempt order and directed Charlemagne’s immediate release. As a result, the January 13 hearing was for the purely organizational and ministerial task ordered by this Court.