NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERICK JIMENEZ,                          )
                                        )
          Petitioner,                   )
                                        )
v.                                      )          Case No. 2D16-2041
                                        )
STATE OF FLORIDA,                       )
                                        )
          Respondent.                   )
_____)

Opinion filed September 30, 2016.

Petition for Writ of Mandamus to the Circuit
Court for the Thirteenth Judicial Circuit for
Hillsborough County; Vivian T. Corvo, Judge.

Wade M. Whidden, Tampa, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington, Tampa,
for Respondent.


SLEET, Judge.

          Erick Jimenez seeks an emergency petition for writ of mandamus directing

the trial court to accept his written waiver of appearance and to quash the capias issued

for his arrest on May 11, 2016.  By order of May 25, 2016, we granted the petition and

quashed the capias.  We now write to explain our rationale.

          Prior to arraignment on his pending criminal charges, Mr. Jimenez filed a

written waiver of appearance at all pretrial conferences.  Subsequently, at a May 11,

- 1 -

2016, disposition hearing, Mr. Jimenez's counsel informed the court of potential plea negotiations and explained that Mr. Jimenez was not present because of the filed waiver of appearance. Over counsel's objections, the court then issued a capias for Mr. Jimenez's failure to appear—referring to the court's policy posted outside the courtroom, which appears as follows:

DEFENDANTS SHALL BE PRESENT FOR ALL DISPOSITIONS AND PRE TRIAL CONFERENCES, COUNSEL CANNOT WAIVE DEFENDANT'S APPEARANCE FOR DISPOSITIONS OR PRE TRIAL CONFERENCES.

ARREST WARRANTS SHALL BE ISSUED FOR ALL DEFENDANTS NOT PRESENT AT DISPOSITIONS OR PRE TRIAL CONFERENCES.

The next day, Mr. Jimenez filed this petition, which this court granted.

The trial court's refusal to accept Mr. Jimenez's written waiver of appearance, its requirement that all defendants attend all disposition hearings and pretrial conferences, and its prohibition against attorney-filed waivers of a defendant's appearance are in direct contravention of Florida Rules of Criminal Procedure 3.180(a)(3) and 3.220(*o*)(1), which permit a defendant to waive his appearance at any pretrial conference. As a result, we found no legal basis for the issuance of the capias and quashed it.

Rules 3.180(a)(3) and 3.220(*o*)(1) provide that a defendant's presence at a pretrial conference may be waived in writing. Florida courts have consistently held that a blanket policy mandating all defendants to appear for pretrial conferences circumvents the criminal rules. See McDermott v. State, 824 So. 2d 333, 333 (Fla. 3d

- 2 -

DCA 2002) (quashing the issued capias and directing the trial court to accept the defendant's written waiver of appearance in accordance with the criminal rules); Stout v. State, 795 So. 2d 227, 228 (Fla. 4th DCA 2001) (requiring the trial court to accept the petitioner's written waiver of appearance); Lynch v. State, 736 So. 2d 1221, 1221 (Fla. 5th DCA 1999) ("[T]he mandatory appearance language [stating 'Your appearance is mandatory'] of the notice of pretrial conference and the trial court's refusal to accept Lynch's written waiver are in direct contravention of our rules of criminal procedure.").

A court may require the attendance of a defendant if there is good reason to do so. See Walters v. State, 905 So. 2d 974, 977 (Fla. 1st DCA 2005) (citing Cruz v. State, 822 So. 2d 595, 596 (Fla. 3d DCA 2002)). However, in order to exercise this discretion, there must be good cause and "defense counsel and the defendant must be clearly advised that the defendant's personal presence is required, notwithstanding the waiver of presence." Cruz, 822 So. 2d at 596. By instituting a policy that effectively eliminates the ability to waive appearance, the trial court is refusing to exercise the individualized discretion required by the rules.

Instead, the trial court's posted mandatory requirement, which applies to all defendants and affords no individual consideration, is a blanket circumvention of the rules. Each directive within the posted notice contravenes the defendant's ability to waive appearance in its entirety. Cf. Walters, 905 So. 2d at 977 ("[T]he Eighth Circuit does not have the authority, by issuance of an administrative order, to adopt a blanket circumvention of the criminal rules of procedure.").

"In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal

duty to perform the requested action, and the petitioner must have no other adequate remedy available." Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000); see also Suarez v. Port Charlotte HMA, LLC, 171 So. 3d 740, 743 (Fla. 2d DCA 2015) ("[T]o render the mandamus a proper remedy, the officer to whom it is to be directed, must be one to whom, on legal principles, such writ may be directed; and the person applying for it must be without any other specific and legal remedy." (alteration in original) (quoting Marbury v. Madison, 5 U.S. 137, 169 (1803))). The trial court has an indisputable legal duty to comply with the rules of criminal procedure. See Lynch, 736 So. 2d at 1222 ("The county court must follow the clear dictates of these rules and accept the written waiver of appearance."). The court's failure to consider whether good cause to require the presence of a particular defendant exists in each case contravenes that duty. Once the capias issued, Jimenez was without any other legal remedy to seek relief. For this reason, we granted the petition for writ of mandamus. Accordingly, the issuance of the capias without the exercise of discretion was erroneous, and we quashed it for that reason. See Charlemagne v. Guevara, 183 So. 3d 1261, 1263-64 (Fla. 3d DCA 2016).

Petition for writ of mandamus granted; capias quashed.


CASANUEVA, J., Concurs.
LUCAS, J., Concurs in result only.