# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2018.

————————————

No. 3D18-1469
Lower Tribunal No. 18-8993

————————————

**Pamela Westberry,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for respondent.

Before LAGOA, EMAS, and LOGUE, JJ.

LOGUE, J.

Pamela Westberry petitions this court for a writ of habeas corpus to quash an alias capias, or bench warrant, issued for her arrest. Based on well-established precedent and the State's commendable confession of error, we grant the petition.

Westberry was arrested for possession of narcotics. Through counsel she filed a written waiver of her right to be present at pretrial conferences as authorized by Florida Rule of Criminal Procedure 3.180(a)(3). After the information was filed, she entered a plea of not guilty through counsel, which was accepted by the court. Later, when Westberry was not present at a hearing which the trial court had set to review plea negotiations, the trial court over objection issued an alias capias, concluding that Westberry was "noticed to appear" and that "no good cause has been provided for her failure to appear." Westberry then petitioned this court for a writ of habeas corpus.

The trial court erred because Westberry had properly waived her presence in court under Florida Rule of Criminal Procedure 3.180(a)(3). While, "if there is good reason to do so, a trial court may require the presence of the defendant in court even when the defendant has filed a written waiver," the trial court must clearly advise defense counsel and the defendant that the defendant's personal presence is required. Charlemagne v. Guevara, 183 So. 3d 1261, 1263 (Fla. 3d DCA 2016) (citing Cruz v. State, 822 So. 2d 595, 596 (Fla. 3d DCA 2002)). Here,

2

the record does not indicate that the trial court clearly advised Westberry that her presence was required. The State has so conceded.

Accordingly, we grant the petition for writ of habeas corpus and quash the alias capias. This decision shall take effect immediately, notwithstanding the filing of any post-opinion motions.