NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TROY D. CANNON,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )    Case No. 2D18-229
                                         )
STATE OF FLORIDA,                        )
                                         )
            Respondent.                  )
                                         )
_____  )

Opinion filed August 17, 2018.

Petition for Writ of Mandamus to the Circuit
Court for the Thirteenth Judicial Circuit for
Hillsborough County; Mark D. Kiser, Judge.

Julianne Holt, Public Defender, and Justin
Fahringer, Tampa, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katie Salemi-Ashby,
Tampa, for Respondent.


SILBERMAN, Judge.

        Troy Cannon petitioned for a writ of mandamus compelling the trial court

to accept his written waiver of appearance for a pretrial conference and quashing the

capias issued on January 16, 2018.  By order of February 2, 2018, we quashed the

capias with opinion to follow. We treat the petition for writ of mandamus as a petition for writ of habeas corpus and now write to explain our rationale.

In June 2017, Cannon was charged with battery on a licensed security officer. At his arraignment, he agreed to enter a pretrial intervention program (PTI); however, he was rejected from the program because he had a pending domestic battery case. The domestic battery charge was dropped in August 2017. On December 2, 2017, the trial court scheduled a hearing to be held on December 20, 2017.

Defense counsel appeared for the December 20 hearing and advised the court that Cannon was not present. Counsel indicated that the court's notice of hearing was sent to an address provided by the Department of Corrections rather than the address Cannon had provided on the PTI form. Counsel stated that it did not appear that Cannon had received notice and that Cannon may not have known to be at the hearing. After discussion as to whether the State was still agreeable to PTI, the court acknowledged there had been confusion as to the giving of notice, reset the hearing for January 16, 2018, and added that Cannon needed to be in court on that date.

Defense counsel appeared at the January hearing and reported that his investigator had located Cannon, who was living in Kentucky. The investigator had left a message for Cannon, who then contacted counsel's office. Cannon stated that he could not return for the January 16 hearing as he needed at least two weeks so he could "identify the financial means in which to come to Court." Counsel noted that Cannon had filed a waiver of appearance and would continue to waive speedy trial. He asked that disposition be reset so Cannon could return in order to reenter PTI and have

- 2 -

the case resolved. The State opposed defense counsel's request, argued that proper notice had been given to Cannon, and asked that the court issue a capias warrant.

The trial court rejected defense counsel's argument and issued a capias warrant for Cannon's arrest. The court stated that at the December hearing it had provided time for the defense to get Cannon to court and had indicated that Cannon needed to be present. Cannon then filed his petition seeking to quash the capias, which we granted on February 2, 2018.

In his petition, Cannon argues that under Florida Rule of Criminal Procedure 3.180(a)(3) he has the right to waive his appearance at all pretrial conferences and that the trial court did not have good cause to reject his waiver and issue a capias for his arrest upon his failure to appear at the January 16 hearing. See Jiminez v. State, 201 So. 3d 214, 216 (Fla. 2d DCA 2016). He also maintains that he did not receive any notice from the court or the clerk that his appearance was required and could not be waived. Because of the lack of adequate notice, we treat the petition for writ of mandamus as a petition for writ of habeas corpus and quash the capias. See Cruz v. State, 822 So. 2d 595, 596 (Fla. 3d DCA 2002).

Although we understand the trial court's frustration that Cannon did not personally appear for the hearings, based on the record before us we conclude that adequate notice was not provided to Cannon that he had to personally appear at the January 16, 2018, hearing despite his waiver of appearance. There was considerable uncertainty at the December 20 hearing regarding Cannon's address, and the court noted the discrepancy in addresses. The court asked the clerk if notice could be sent to

the address Cannon had indicated, and the clerk indicated that notice would have to be sent to the address provided by the Department of Corrections, not the address provided by Cannon. At the end of the December hearing, the court told Cannon's attorney to "take whatever steps you need to notify him that he needs to be in Court on January 16th at 8:30."

At the January 16 hearing, the attorney explained that his investigator had located Cannon out of state and that Cannon needed at least two weeks to make financial arrangements to return to Florida. It was unclear whether Cannon was told that he would not be allowed to waive his appearance. That, in addition to the uncertainty regarding Cannon's address, his living outside Florida, and the information provided by counsel, leaves a question as to whether adequate notice was provided that Cannon was required to personally appear on January 16, failing which a capias warrant would be issued. Under these unusual circumstances, we conclude that the trial court was not justified in issuing the capias.

Petition for writ of mandamus treated as a petition for writ of habeas corpus and granted; capias quashed.


SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.