DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANCHY LOPEZ HERNANDEZ** and **GENEROSO BANOS,**
Petitioners,

v.

**STATE OF FLORIDA,**
Respondent.

Nos. 4D19-1413 and 4D19-1428

[August 14, 2019]

Consolidated petitions for writ of mandamus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara A. McCarthy, Judge; L.T. Case Nos. 17006590CF10A and 17012944CF10A.

Howard Finkelstein, Public Defender, and Gustavo Martinez, Assistant Public Defender, Fort Lauderdale, for petitioners.

Ashley Moody, Attorney General, Tallahassee, Georgina Jimenez-Orosa, and Joseph D. Coronato, Jr., Assistant Attorneys General, West Palm Beach, for respondent.

PER CURIAM.

Franchy Lopez Hernandez and Generoso Banos filed petitions for writs of mandamus seeking to compel the trial court to accept their written waivers of appearance for calendar call hearings.

We grant the petitions because the trial court did not specifically articulate why their presence was mandatory or what value would occur by requiring their appearances.[1]

### *Background*

*Hernandez v. State*

---

[1] As the underlying facts of these two consolidated cases differ slightly, they will be discussed separately.

In July 2017, Hernandez was charged with one count of grand theft. In December 2017, he filed his written waiver of appearance, which stated:

> COMES NOW the Defendant, through undersigned counsel, pursuant to Florida Rules of Criminal Procedure 3.180(a)(3), and 3.220(o)(1), and *Lynch v. State*, 736 So. 2d 1221 (Fla. 5th DCA 1999) and *Stout v. State*, 795 So. 2d 227 (Fla. 4th DCA 2001) hereby files this written waiver of his/her appearance from any Pretrial Conferences which may occur during the pendency of this case.
>
> "I hereby waive my appearance at any Pretrial Conferences which may occur in the above-styled case."

On May 6, 2019, Hernandez was scheduled for calendar call, and his counsel appeared on his behalf. Once the case was called, the court noted that there had been "ten calendar calls, all continued." Counsel explained that Hernandez's job restricted him from taking days off work and informed the court that Hernandez had a signed waiver of appearance filed with the court.

The court responded that it had been almost a year since the waiver was signed and ordered that Hernandez appear on May 20, 2019. Hernandez appeared as required on that date, and the court ordered that he appear by phone at the next calendar call in June.

The instant petition followed.

*Banos v. State*

In November 2017, Banos was charged with battery on a law enforcement officer. In June 2018, Banos signed a waiver of appearance, which stated:

> COMES NOW the Defendant, through undersigned counsel, pursuant to Florida Rules of Criminal Procedure 3.180(a)(3), and 3.220(o)(1), and *Lynch v. State*, 736 So. 2d 1221 (Fla. 5th DCA 1999) and *Stout v. State*, 795 So. 2d 227 (Fla. 4th DCA 2001) hereby files this written waiver of his/her appearance from any Pretrial Conferences which may occur during the pendency of this case.
>
> "I hereby waive my appearance at any Pretrial Conferences which may occur in the above-styled case."

On May 6, 2019, Banos was scheduled for calendar call, where counsel appeared on his behalf and informed the court that Banos was a dialysis patient and had a signed waiver of appearance. Counsel objected to the court's requirement that he appear at calendar call that day.

The court responded that it had a "right on all its cases to make an inquiry to the defendant so we know where we're at, so the client knows where it's at, what's going on in terms of any offers. And the waiver was signed last June."

The court ultimately required that Banos appear by phone at the next calendar call on May 20th.

The instant petition followed.

### *Analysis*

The Florida Rules of Criminal Procedure permit a defendant to waive his or her appearance in writing at any pretrial conference. *See* Fla. R. Crim. P. 3.180(a)(3); *see also* Fla. R. Crim. P. 3.220(o)(1) ("The trial court may hold 1 or more pretrial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. *The defendant shall be present unless the defendant waives this in writing.*") (emphasis added).

In *Lynch v. State*, 736 So. 2d 1221, 1221-22 (Fla. 5th DCA 1999), the Fifth District granted a petition for mandamus where the trial court refused to accept a waiver of appearance at the outset of the defendant's case. The Fifth District determined that the trial court's requirement was in direct contravention of the rules of criminal procedure. *Id.* at 1221.

This Court adopted the reasoning in *Lynch*. *Stout v. State*, 795 So. 2d 227, 228 (Fla. 4th DCA 2001) (granting petition for mandamus where trial court required that defendants be present at pretrial status conferences because "most pleas were . . . entered at status conferences").

The Third District distinguished *Lynch* and *Stout* and determined that a "trial court can require the personal presence of the defendant in court, notwithstanding [a] waiver, if there is a good reason to do so." *Cruz v. State*, 822 So. 2d 595, 596 (Fla. 3d DCA 2002) (citations omitted); *see also Jimenez v. State*, 201 So. 3d 214, 216-17 (Fla. 2d DCA 2016) (prohibiting trial court's "direct contravention" of rules of criminal procedure when the court required that all defendants attend disposition and pretrial hearings,

but noting that a court may require attendance if there is "good reason to do so").

Here, we note that unlike *Lynch* and *Stout*, the court did not have a blanket policy of requiring that the defendants be present at the outset. Instead, the court initially honored the waivers, but after calendar calls were repeatedly continued, the court then rejected the waivers and decided to require that the defendants appear in court and then subsequently by phone.

That basis is more compelling in Banos's case, where the court attempted to articulate good cause when the court stated that it had "a right on all its cases to make an inquiry to the defendant so we know where we're at, so the client knows what's going on in terms of any offers." Nevertheless, there is nothing in the record to suggest that requiring his presence would have resulted in the case being resolved, or that there was even a plea offer extended from the State.

Unlike Banos's case, where the court attempted to articulate a reason for requiring his presence, in Hernandez's case, the court's sole reasoning was based on the number of times that the case had been continued. There was no indication of what value would occur by requiring that Hernandez appear in court.

In short, because there was no clearly stated basis for requiring that either Hernandez or Banos appear in court or any specific articulation of what would be achieved if they appeared, we grant the petitions.

*Petitions granted; writ of mandamus issued.*

WARNER, MAY and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***