# Third District Court of Appeal
## State of Florida

Opinion filed December 12, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2206
Lower Tribunal No. F23-25560
_____

**Malik Sands,**
Petitioner,

vs.

**Sherea Green, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for petitioner.

Sherea Green, Director, Miami-Dade Department of Corrections and Rehabilitation, Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for respondents.

Before LINDSEY, MILLER, and GORDO, JJ.

MILLER, J.

Petitioner, Malik Sands, seeks relief in habeas corpus from his pretrial confinement in the Dade County Jail. In his petition, he contends the trial court erred in issuing an alias capias based on his failure to appear at a pretrial conference because his attorney duly filed a written waiver of appearance excusing his appearance pursuant to Florida Rule of Criminal Procedure 3.180(a)(3). We agree and grant the petition.[1]

I

Sands was arrested and charged with one count of vehicular homicide, in violation of section 782.071(1)(a), Florida Statutes (2023), one count of driving under the influence ("DUI") manslaughter, in violation of section 316.193(3)(c)(3)(a), Florida Statutes (2023), and one count of no valid driver's license with death, in violation of section 322.34(6), Florida Statutes (2023). After determining he was indigent, the trial court appointed the Public Defender's Office to represent him. The assigned attorney executed a waiver of his appearance at future pretrial conferences. A second waiver was subsequently filed with the clerk.

---

[1] We note that the State commendably conceded error in its response to the petition and joined in Sand's request that we grant the petition for writ of habeas corpus, quash the alias capias, and direct that Sands be immediately released with his original bond and conditions reinstated.

Sands posted bond and was released from custody.  Some ten months later, the case was set for a pretrial conference.  Sands did not appear, and his attorney invoked the waiver of appearance for the proposition that physical appearance was not required.  The trial court issued an alias capias.

The following day, defense counsel filed a written motion to vacate the alias capias.  The court entertained the motion the next day, at which time Sands was present.  Observing that Sands had neither provided an explanation for his absence nor updated his address, the court took him into custody on the alias capias.  Sands remains in custody without bond.

## II

Florida Rule of Criminal Procedure 3.180(a)(3) requires the accused be present at pretrial conferences, unless his or her "presence is waived in writing or on the record by the defendant or by the defendant's counsel with the defendant's consent."  Despite a waiver, the trial court is authorized to require a defendant to be present "if there is a good reason to do so." Charlemagne v. Guevara, 183 So. 3d 1261, 1263 (Fla. 3d DCA 2016).  Under such circumstances, "defense counsel and the defendant must be clearly advised that the defendant's personal presence is required, notwithstanding the waiver of presence."  Cruz v. State, 822 So. 2d 595, 595 (Fla. 3d DCA 2002).

3

## III

Here, defense counsel filed not one, but two written waivers. The record is devoid of any indication that Sands and his counsel were clearly advised that his presence was required at the pretrial conference. Under these circumstances, there was no legal basis for the issuance of the alias capias. Charlemagne, 183 So. 3d at 1264; see also Jimenez v. State, 201 So. 3d 214, 216 (Fla. 2d DCA 2016) ("The trial court's refusal to accept [the defendant]'s written waiver of appearance, its requirement that all defendants attend all disposition hearings and pretrial conferences, and its prohibition against attorney-filed waivers of a defendant's appearance are in direct contravention of Florida Rules of Criminal Procedure 3.180(a)(3) and 3.220(o)(1), which permit a defendant to waive his appearance at any pretrial conference."); McDermott v. State, 824 So. 2d 333, 333 (Fla. 3d DCA 2002) (directing trial court to accept written waiver and finding no legal basis for bench warrant); Lynch v. State, 736 So. 2d 1221, 1221 (Fla. 5th DCA 1999) (finding mandatory appearance requirements and trial court's refusal to accept waiver directly contravened rule 3.180); Stout v. State, 795 So. 2d 227, 228 (Fla. 4th DCA 2001) (adopting Lynch's reasoning and holding trial court erred in refusing petitioner's written waiver); McCutchen v. State, 358 So. 3d 1292, 1292 (Fla. 3d DCA 2023) (quashing bench warrant where trial

4

court did not notify petitioner of mandatory attendance); Cannon v. State, 253 So. 3d 1200, 1201 (Fla. 2d DCA 2018) ("Although we understand the trial court's frustration that [the defendant] did not personally appear for the hearings, based on the record before us we conclude that adequate notice was not provided to [the defendant] that he had to personally appear at the . . . hearing despite his waiver of appearance."); Reynolds v. State, 696 So. 2d 1275, 1275 (Fla. 5th DCA 1997) (quashing capias where petitioner waived appearance in writing and notice of "sounding" hearing did not inform petitioner her presence was required); Lopez Hernandez v. State, 277 So. 3d 137, 139–40 (Fla. 4th DCA 2019) (noting presence can be required for good cause but granting petitions where defendants' mandatory appearance lacked clearly stated reasons); Scott v. State, 307 So. 3d 106, 107 (Fla. 3d DCA 2020) (requiring trial court to accept waiver of appearance when good cause to override waiver is lacking); Perozo v. State, 239 So. 3d 793, 793 (Fla. 3d DCA 2018) (same); Walters v. State, 905 So. 2d 974, 977 (Fla. 1st DCA 2005) ("[A]bsent a finding of good cause for requiring the presence of the defendant at a pre-trial conference, the trial court does not possess the discretion to deny a defendant the ability to waive his appearance at pre-trial proceedings . . . .") (internal citation omitted).

**IV**

Accordingly, we grant the petition for writ of habeas corpus, quash the alias capias, and direct that Sands be immediately released with his original bond and conditions reinstated.

Petition granted.